UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON RILEY, )<br>)<br>Petitioner, )<br>v. )<br>)<br>KEITH BUTTS, Superintendent, )<br>)<br>Respondent. ) | No. 1:15-cv-1055-TWP-TAB |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Clinton Riley ("Mr. Riley"). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). Mr. Riley is an Indiana state prisoner who is serving concurrent sentences of 30 years following his conviction in Marion County for the offenses of rape and criminal deviate conduct in No. 49G030007CF115069. Mr. Riley is seeking release from prison. For the reasons stated below, the petition of Clinton Riley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be **dismissed**.

**Motion seeking Status of the Filing Fee**

As an initial matter, Mr. Riley has filed a Motion seeking Status of the Filing Fee. (Dkt. No. 9) and said motion is **GRANTED**. The motion states that he included a check for the filing fee with the habeas petition. No check was found in the envelopes containing his habeas petition accordingly, the status of the filing fee is that Mr. Riley owes $5.00 for that fee. Mr. Riley shall

have through **September 1, 2015** in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial means to do so.

### A. The Habeas Petition

Mr. Riley has designated Indiana Attorney General Greg Zoeller as a co-respondent. This is improper and Greg Zoeller is **stricken as a co-respondent.**

Mr. Riley filed a prior habeas action in the United States District Court, Southern District of Indiana, docketed as No. 1:10-cv-600-JMS-MJD, wherein he challenged his convictions for rape, for felony criminal deviate conduct, and for battery. The prior habeas action was denied in an Order issued on December 30, 2010.

Mr. Riley has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action. The habeas petition in that action was filed outside the statute of limitations. *Riley v. Superintendent New Castle Corr. Facility,* No. 1:10-CV-600-JSM-MJD, 2010 WL 5476618, at *2 (S.D.Ind. Dec. 30, 2010)("In this case, Riley's petition has encountered the hurdle produced by the 1–year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks."). That disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b). *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency . . . .").

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

### C. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Riley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 8/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Clinton Riley
No. 111204
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362