UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON RILEY, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:15-cv-01055-TWP-TAB |
| ) | |
| KEITH BUTTS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**E N T R Y**

On July 6, 2015, Clinton Riley filed an unauthorized second or successive petition for writ of habeas corpus challenging his conviction in Marion Count in No. 49G03-007-CF-115069. Upon finding no authorization for such a filing from the Court of Appeals pursuant to 28 U.S.C. § 2244(a), the court dismissed Riley's habeas petition for lack of jurisdiction. Judgment to this effect was entered on the clerk's docket on August 11, 2015.

The entry of judgment dismissing the action for lack of jurisdiction was followed by the filing of Riley's motion to correct error under Rule 59. Based on both its timing and content, the motion just described will be treated as Riley's motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure.*

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation omitted). A manifest error of law under Rule 59(e) means

the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014) (citation omitted).

Riley has not shown the manifest error of law or fact, and has not tendered newly discovered evidence. The court did not engage in the "wholesale disregard, misapplication, or failure to recognize controlling precedent," *Id.* The dismissal of the action was correct for the reasons given. Riley refers to an amended petition for writ of habeas corpus, but no such document was filed in this case. He also refers to another case, No. 1:15-cv-1072-TWP-DML, but this case developed independently. He also renews his claim that the trial court lacked jurisdiction over him, but this is precisely the claim which is barred for the reasons explained in the Entry of August 11, 2015. For these reasons, Riley's motion to correct error, treated as a motion to alter or amend judgment [dkt 12], is **denied**.

IT IS SO ORDERED.

Date: 9/14/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Clinton Riley
No. 111204
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362